STAFFORD, District Judge,
dissenting.
Because I cannot agree that Collins failed to exhaust his remedies, and because I think we should give the district court the opportunity in the first instance to consider the merits of Collins’s due process claim, I must respectfully dissent.
I.
In this case, Collins challenges the KDOC’s most recent “calculation” of his sentence. In 1997, following Collins’s conviction and sentence, the KDOC initially determined that Collins’s two seven and one-half year sentences were to be served consecutively, making his total time of incarceration fifteen years. Collins’s then-current counsel, who was later disbarred, filed a direct appeal of Collins’s conviction and sentence but did not then challenge the KDOC’s execution of the sentence. In 1999, soon after new counsel took over for Collins’s disbarred counsel, and before Collins’s direct appeal was dismissed by the Kentucky Court of Appeals, the KDOC informed Collins that, because the sentencing judgment did not specify how his sentences were to run, his sentence had been *633 recalculated to run concurrently as required by KRS 532.110(2), making his total time of incarceration seven and one-half years instead of fifteen years. For obvious reasons, counsel did not then challenge the KDOC’s execution of Collins’s sentence. In 2001, more than a year later, the KDOC once again recalculated Collins’s sentence, this time informing Collins that “[t]he prosecuting attorney and judge that imposed sentence on July 23, 1997 both agree that it was the intent of the court to follow the jury’s recommendation for seven years and six months on Count 1 and seven years and six months on Count 2 with the sentences running consecutively for a fifteen-year sentence.” J.A. at 40. Counsel soon after filed a petition for writ of habeas corpus in the county where Collins was confined, challenging the KDOC’s third calculation of Collins’s sentence. Collins appealed the denial of his petition, and he unsuccessfully sought discretionary review by the Kentucky Supreme Court. By thus pursuing his claim regarding the KDOC’s third execution of his sentence, I believe that Collins did exhaust the only remedies that are relevant here.
That Collins (and the state) failed to seek clarification of the sentencing court’s judgment while that trial court had jurisdiction to amend its judgment, and failed to seek an amendment of the judgment by way of a motion under Kentucky Rule of Procedure 11.42, and failed to appeal the denial of his motion for clarification four years after the judgment was final, is of no consequence here. In this case, Collins chose to pursue his remedies against the KDOC for its alleged failure to properly execute his sentence. He has not challenged the judgment entered by the sentencing court. Indeed, he relies on, and bases his claims on, the judgment exactly as it was issued by that state court.
II.
Kentucky law provides that “[i]f the court does not specify the manner in which a sentence imposed by it is to run, the sentence. shall run concurrently with any other sentence which the defendant must serve.” KRS 532.110(2). Kentucky law does not require a sentencing court to adopt a jury’s recommendation, and it does not require a judge to indicate how multiple sentences are to be served. In effect, Kentucky law creates a presumption that sentences are to be served concurrently unless the sentencing judge indicates otherwise. Here, the sentencing judge did not specify — in the sentencing hearing or on the judgment — the manner in which Collins’s sentences were to run. Because the state court’s failure to specify how the sentences were to be served worked in Collins’s favor, there was no obligation on his part to invite the court to clarify its sentence. Indeed, it must be remembered that while the state had an interest in having the trial court act upon the jury’s recommendation, it nonetheless failed to seek clarification of the court’s sentence or judgment thereon.
For approximately a year and a half, the KDOC applied KRS 532.110(2) to execute Collins’s sentences concurrently, allowing Collins to think his total time of incarceration would be seven and a half years. Not until the sentencing judge and the prosecutor contacted the KDOC ex parte did the KDOC decide that it could, in effect, ignore the fact that the sentencing court failed to “specify the manner in which a sentence imposed by it is to run.” KRS 532.110(2). An ex parte communication to prison officials, long after the state court had lost jurisdiction, hardly comports with the traditional notions of notice and an opportunity to be heard.
Coffins complains that his due process rights were violated when the KDOC ex *634 tended his time of incarceration in violation of KRS 582.110(2). Although the district court did not reach the due process claim, the majority dismisses the claim by saying that his claim is simply one of state law. I am not so sure. I would remand the case, directing the district court to consider whether Collins’s due process rights were violated when the state court judge, through ex parte communication with the prosecutor and the KDOC, did, in effect, what he had no jurisdiction to do in fact: namely, amend the judgment to correct an omission that, by operation of state law, worked in Collins’s favor.